*R. D. Handy, H. L. Roberts, for appellants.*

*Stevenson & O'Hara, J. M. Collins, for appellee.*

---

### JOSEPH ROBERTS *v.* COMMONWEALTH.

**Criminal Law—Homicide—Reasonable Doubt.**

> The facts necessary to show prima facie the guilt of an accused person are required to be proved beyond a reasonable doubt, but facts which go to excuse the killing, in a murder, or to mitigate the offense, need not be so proven, but it is sufficient if on the evidence the jury entertain a reasonable doubt whether or not matters of excuse or in mitigation have been established.

**Self-Defense—Instructions.**

> One may legally take the life of another to protect a relative or a stranger, if from his viewpoint and the circumstances existing it appeared to him to be necessary to do so, and an instruction from which the jury may get the idea that one may not legally take life to save a stranger's life or to save such stranger from danger of great bodily harm, is erroneous.

APPEAL FROM SHELBY CIRCUIT COURT.

December 7, 1876.

OPINION BY JUDGE COFER:

Counsel for the appellant indicate two objections to instruction No. 2, given by the court. That instruction reads as follows, viz.:

"If the jury believe from the evidence, beyond a reasonable doubt, that the accused shot and killed Fountain Roberts with the weapon and in the manner aforesaid, but that such killing was not done with malice aforethought, but suddenly and not in his apparently necessary self-defense, or to prevent the deceased from then and there committing a felony or inflicting great bodily harm upon his father, they must find him guilty of involuntary manslaughter, and fix his punishment," etc.

The first objection to the instruction is that it required the jury to believe beyond a reasonable doubt not only that the accused shot and killed the deceased, but also that such killing was not done with malice aforethought or in self-defense, or to prevent the commission of a felony. The facts necessary to show prima facie the guilt of the accused were required by law to be proved beyond a reasonable doubt, but facts which went to excuse the killing or to mitigate the offense need not be so proved; but it was sufficient if on the evidence the jury entertained a reasonable doubt whether or not matters of excuse or mitigation had been established.

The better form would have been to instruct the jury that if they believed beyond a reasonable doubt that the accused unlawfully shot and killed the deceased, but had such doubt whether the killing was done with malice aforethought, they should find him guilty of manslaughter, unless they believe that the killing was done in his apparently necessary self-defense or to prevent the commission of a felony, and that if they had a reasonable doubt whether the killing was done in self-defense or to prevent the commission of a felony, they should find him not guilty.

The second objection taken to the instruction is that it confined the right of the accused to kill to prevent a felony, to a felony about to be committed on the person of his father. The evidence tended to prove that the accused thought his father was being assaulted by the deceased with a knife and pistol, but the evidence also showed without contradiction that the person thus assaulted was O'Nan, and not the father of the accused, and the jury may well have supposed that the court meant to exclude the idea that the killing would be excusable if it were done to prevent the commission of a felony on the person of O'Nan, and not to prevent a felony on the person of his father. Such, we presume from other instructions given, was not the intention of the court, and if such were the intention the court mistook the law.

Juries would probably look with more lenience upon a killing done

by a son for the alleged purpose of preventing the killing or serious injury of his father, than if the killing were claimed to have been done to prevent the killing or injury of a stranger; but the two cases would stand upon precisely the same legal ground, especially when considered with reference to the law of manslaughter. That which a man in peril of his life or of great personal injury may lawfully do in his own defense any other person may lawfully do for him; and hence the court should have told the jury that if the accused had reasonable grounds to believe and did believe that the deceased was then about to take the life of his father or of O'Nan, and that there was no other apparent means of preventing such killing or injury, and he shot deceased to prevent it, they should find him not guilty.

The court, in instructions given for the accused, recognized his right to kill the deceased to save O'Nan from death or great bodily injury, but as his right to kill in defense of O'Nan was excluded in the second instruction, the instructions were not consistent with each other, and it is impossible to determine which prevailed with the jury.

The instruction asked by the counsel for the accused, and refused by the court, was, we think, properly refused. As an abstract proposition of law we think the instruction is correct, but the court had already told the jury that the law presumed the innocence of the accused and that it was their duty, if they could reasonably do so, to reconcile all the facts and circumstances of the case with that presumption; and that if upon the whole case they had a reasonable doubt of his having been proven guilty they should find him not guilty. This was certainly as far as the law permitted the court to instruct the jury respecting their duty in considering the evidence.

For the errors indicated the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*C. M. Harwood, Jno. Rodman, for appellant. Moss, for appellee.*